IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BANK OF AMERICA NA,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 2:12-CV-116-RDP |
| | } |
| **WILLIAM SALAAM HALL EL,** | } |
| | } |
| Defendant. | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Remand (Doc. # 4), filed February 10, 2012.

### I.    Procedural History

This case was removed by Defendant William Salaam Hall El from the Circuit Court of Jefferson County, Alabama on January 13, 2012. (Doc. # 1). Plaintiff's Motion to Remand was filed on February 10, 2012. (Doc. # 4). On February 15, 2012, this court ordered Defendant to respond to Plaintiff's Motion to Remand on or before February 28, 2012. (Doc. # 5). On February 28, 2012, Defendant filed a document titled "Motion for Order to Stay Judicial Proceedings" rather than a response to the pending Motion to Remand. (Doc. # 6). On March 6, 2012, Plaintiff filed its reply in support of its Motion to Remand. (Doc. # 7).

Plaintiff's Motion to Remand asserts that this court does not have jurisdiction over this case under either federal question or diversity jurisdiction. (Doc. # 4 at 4). Plaintiff asserts that its state court Complaint asserted solely a state law claim of ejectment. (Doc. # 4 at 2). Defendant's response to the Motion to Remand utterly fails to address that argument. (Doc. # 6). Nevertheless, the court has attempted to undertake its own review of the state court Complaint to determine what causes of

action were stated, but was stymied in its efforts. This alerted the court to an issue not raised by Plaintiff.[1] Namely, the court file does not contain a copy of the Complaint or any other pleadings filed in the state court action. (Doc. # 1).

II.     Analysis

    1.     **The Removal Is Procedurally Flawed**

Based upon the failure to include a copy of the Complaint or any other pleading in his removal petition, it is apparent that the removal of this action was, at a minimum, procedurally flawed. 28 U.S.C. § 1446(a) provides as follows:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing *a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

28 U.S.C. § 1446(a) (emphasis added). In this case, Defendant failed to attach a copy of the Complaint, or copies of any other pleadings or filings from the state court case. Thus, Defendant's petition for removal is procedurally deficient. Nor does the Notice of Removal contain a short and plain statement of the grounds for removal. It is as tautological as it is true that the court cannot determine whether removal is proper without a copy of the Complaint. For this reason alone, Plaintiff's Motion to Remand is due to be granted. 28 U.S.C. § 1446(a).

    2.     **Defendant Has Failed to Establish Federal Jurisdiction**

Even if the Removal of this action were not procedurally deficient (and to be clear, it is), and even if Defendant could argue that procedural deficiency is not a ground for removal asserted by

---

[1] In the context of a removal, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Inc.*, 168 F.3d 405, 410 (11th Cir. 1999)

Plaintiff, a remand would nonetheless be required because this court lacks subject matter jurisdiction over the claims as they are described by Defendant.

The court has an independent and continuing obligation to ensure that it has subject-matter jurisdiction over actions pending before it. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction ... ."). "Only state-court actions that originally could have been filed in federal court may be removed." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Determination of whether a claim arises under federal law is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392. Under the well-pleaded complaint rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. Although the Complaint is not before the court, Plaintiff, the master of that Complaint, has represented that it contains only a claim for ejectment under Alabama law. This is not the type of claim that could have been originally brought in this Court. *See, e.g., Wachovia Mortg. Assoc. v. Lee*, 2011 WL 976629, at *2 (N.D. Ga. 2011); *Citimortgage, Inc. v. Dhinoja*, 2010 WL 1485674, at *2 (N.D. Ga. 2010).[2]

Furthermore, the fact that Defendant may intend to present a federal claim as a defense or counterclaim cannot create an independent basis for federal subject matter jurisdiction. *Caterpillar*, 482 U.S. at 393. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986); *see also Holmes Grp.,*

---

[2] Diversity jurisdiction is also not apparent from the removal papers. First, the requisite amount in controversy is not apparent on any of the pleadings before the court. But more importantly, although Defendant denies he is a citizen of the United States, he does list his address as High Point, North Carolina, and Plaintiff Bank of America appears to be a citizen of North Carolina for diversity purposes.

*Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."). Thus, even if Defendant's removal papers could be construed as stating a counterclaim raising a federal question, that would be irrelevant for purposes of evaluating whether removal was proper. As "master of the claim," having filed an ejectment claim solely under state law, Plaintiff cannot be subjected to federal jurisdiction in this action. *Caterpillar*, 482 U.S. at 392.

**III.   Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. # 4) is due to be granted. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ____26th____ day of March, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE